(7)

RICHARD C. SINCLAIR,
P.O. Box 1628
Oakdale, CA 95361
TEL: (209) 840-7677
Rsinclairlaw@msn.com

FILED    CJM

FEB 1 4 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

$0.00

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re ) | CASE NO: 14-91565-e-7 |
| ) | |
| RICHARD CARROLL SINCLAIR ) | MOTION TO ABANDON 8212 |
| ) | Oak View Drive, OAKDALE, CA., 22734 |
| ) | Black Hawk Dr, Twain Harte, CA, and the |
| ) | Sinclair Ranch Chinese Camp Property, Chinese |
| ) | Camp, CA. |
| Debtor ) | |
| -------------------------------------------) | Date: March 23, 2017 |
| | Time: 10:30 am |
| | Dept: E, Modesto Courthouse |
| | |
| | Honorable Judge Sargis |

## **FACTS**

1. The Real Property located at 8212 Oak View Drive, Oakdale is not listed as an asset of the Debtors Estate.  It has recorded Ownership as Dr. Kathryn Machado, Trustee of the Richard C. Sinclair Trust dated June 5, 2005 and is an irrevocable Trust with the children of Richard C. Sinclair as beneficiaries, as to an undivided ½ interest.  The other recorded ½ owner is Deborah A. Sinclair.  However, the Court Order for Richard Sinclair and Deborah Sinclair's dissolution/separation requires her to deed that interest to Richard Sinclair.

2. The Property is the residence of Richard Sinclair

3. He is in a lawsuit with his lender Ocwen and has made no payments for more than 5 years.  That matter is on appeal

4. Recently, the Lender, Ocwen's attorney, Mr. Boss arranged with Richard Sinclair to have Ocwen have the property appraised to determine it's current value.  That was in the late summer of 2016.

5. The appraiser came out and indicated to Richard Sinclair that he would value the property at $600,000 in its current state and much more when the renovation was completed.

6. The property, on or about May 30, 2016, was robbed and vandalized several different times.   The amount of the damage is in excess of $350,000.  The vandals cut plumbing lines and electrical lines and vandalized the interior, pulling off wallpaper, cutting carpet, taking the swimming pool plumbing and filters and pipes and removing interior electrical fixtures and plumbing fixtures.

7. Richard Sinclair, due to his stroke, had been living with Dr. Machado, his sister, to care for him.  His son, Brandon Sinclair had lived there until 2 weeks before and notified his dad he was moving out, so Richard Sinclair went on May 30, 2016 to move back in.  Richard Sinclair's wife was also in the delayed process of moving out and had a lot of her things also there.

8. Based on that, State Farm, the Homeowners Insurer first said they would start sending repair checks, and now have instead since said that they need deposition statements and other items before they will admit to any liability.  Richard Sinclair advised them that he would file suit to collect which should be done in February or March 2017.

9. Richard Sinclair moved back in without sewer or water, to protect the home from further vandalism.

10. The suit against State Farm should take approximately 2 years and then repairs another six month.

11. Currently, Ocwen is claiming that they are owed about $760,000.  The current value of $600,000 made by Ocwen's appraiser, in summer 2016 makes the current value of the Property a minus number and the Court should approve abandonment.

12. 7Twain Harte is likewise worth less than the mortgage and the Trustee is not interested in either Twain Harte or the Oak View Drive, Oakdale Property.

13. The Sinclair Ranch Property was deeded by the Debtor as a result of gifts to his kids in 1996 and 2001. His wife had told Debtor that since he had gone bankrupt in 1994 losing all their assets, that she got 40 acres of Richard Sinclair's 103 acre gift from his parents deaths in 1996 and 2001. Debtors children agreed and 40 acres was given to Deborah Sinclair and deeded to her in DustyKay, LLC in 2003. The remaining acreage, that had been gifted to Richard Sinclair's kids was deeded to Golden Hills Chinese Camp, LLC, with Dr. Machado as Manager in 2003

14. The Trustee, Gary Farrar, submitted his Status Report as of 12-4-2016 on P 4, lines 27 and 28 and P. 5 lines 1-5 he states:

"The Trustee personally inspected the residential properties at 8212 Oak View Drive, Oakdale, Ca. 95361 (the "Oakdale Property") and 22734 Black Hawk Drive, Twain Harte, Ca (The "Twain Harte Property") Record title for the Oakdale Property and the Twain Harte Property are not in the Debtor's name, individually. More Importantly, the Trustee has concluded that both the Oakdale Property and the Twain Harte Property are over-encumbered, and that neither can be administered in a manner which will generate net proceeds for the estate,"

On Page 5 of the Status Report, lines 6-28 the Trustee stated to this Court:

"The Trustee personally inspected the Chinese Camp Ranch Property, has consulted his Real Estate Professional , and has performed independent research. The Trustee has concluded that the Chinese Camp Ranch property is worth no more than $6,000-$10,000 per acre, likely at the lower end of the range, and quite possibly less. The web of ownership of the various Chinese Camp Parcels is complex. Many transfers are quite old, while some are more recent. In the exercise of his business judgment, the Trustee was not persuaded that the value ofr the Chinese Camp property made avoidance litigation economically viable or beneficial to the estate. As noted above, the debtor is highly litigious. The debtor has battled the CEMG Creditors in a separate real estate dispute for well over a decade with

many hundreds of thousands of dollars of attorneys incurred in the process. Final judgment in the RICO action, commenced in 2003, has not yet been entered, but may be in excess of $7 million. Any effort to avoid transfers associated with the ranch property likely would have resulted in at least hundreds of thousands of dollars in hourly legal fees, tens of thousands of dollars in costs, and years of delays. The same is true of the assets alleged to have been transferred or confirmed to the debtor's estranged spouse in connection with their separation order in their still pending dissolution action. Weighed against the value of the potential recovery for the estate, the Trustee determined not to pursue these claims. Further, the Trustee provided detailed information concerning the claims particularly with respect to the ranch property, to two experienced contingency fee litigation attorneys, and engaged in more detailed discussions with them about the possibility or those attorneys representing the estate on a contingency free basis. Those efforts did not result in agreement to represent the Trustee is such litigation."

13.    The Trustee has determined that they are not interested in any of these properties and abandonment is requested.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I

## BANKRUPTCY CODE -11 U.S.C. 554 - ABANDONMENT OF ASSETS BY TRUSTEE

A.  "11 U.S.C 554 (b) On request of a party in interest after notice and a hearing, the Court may order the Trustee to abandon any property of the Estate that is burdensome to the Estate or that is of inconsequential value and benefit to the Estate.
    ' 11 U.S. C. 554 (c) Unless the Court Orders otherwise. Any property scheduled under 521 (a)(1) Of this title not otherwise administered at the time of closing of the case is abandoned to the Debtor and administered for purposes of section 350 of this title."

B.  Federal Rules of Bankruptcy Procedure Mechanism.

Federal Rule Bankr Proc 6007(b) provides the mechanism as being that a party in interest may file and serve a motion requiring the  debtor in possession to abandon property of the estate.

Here the property is either worth a negative number in its current state and will take 3 Plus years to make it into a positive number. For Debtor, it is worth it.  The Chinese Camp Property has transfers that are so old and it would be too expensive to provide any value to the estate if successful.  To the bankrupt estate, they all would have a negative  value.

## II
## THE DEBTOR CAN FORCE ABANDONMENT OF THE ASSET

The Debtor is a party in interest who can file a motion to compel abandonment pursuant to 554(b), Fed Bankr Rule 6007(b), <u>Wissman v. Pittsburgh National Bank</u> 942 Fed 2nd 967, 873 (4th Cir. 1991)

The debtor may move the Bankruptcy Court to compel the Trustee to abandon the estate's interest in any asset pursuant to 6007b.

The Trustee, pursuant to 554 (b) must only prove by a preponderance of the evidence, that the property is either : 1) Burdensome to the estate, or 2) if the property is of inconsequential value and benefit to the estate.


Currently, the value of Oak View Drive is about $160,000 less than what is owed. Twain Harte has a negative value and Chinese Camp is not owned by Debtor and has old gifts and would be too expensive to regain, even if it were possible.  For those reasons, the Trustee does not wish to pursue these properties.  The Court should therefore abandon them.

Finally, without Richard Sinclair, the value to the estate is "inconsequential" and "burdensome", at best, and therefore should be abandoned.

### III

### THE TRUSTEE HAS NOT COMPLIED WITH FED R. BANKR PROC. 4003(b)(1)

FED R. BANKR PROC 4003(b)(1) provides "…..a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later………"

The trustee is continuing to delay. It has been a year since his takeover. The Trustee put the Debtor in a state of limbo regarding these assets and Debtor needs to be able to continue this case without fearing any further challenges. The Court should abandon these properties

### IV

### PROPERTY THAT HAS NO VALUE OVER LIENS AND EXEMPTIONS HAS NO VALUE AND SHOULD BE ABANDONNED

When the Trustee determines that the property in the bankruptcy Estate has no value which would benefit Unsecured creditors, the law allows the Trustee to abandon the property so the Trustee is no longer responsible.

That would include "Property" 1) No one wants to Buy; or 2) has a lien in excess of its value, or 3)one Debtor has claimed is fully exempt, or 4) after costs of sale and Trustee's commission, there would be nothing left for creditors

All of these may apply such that the property should be abandoned.  The property is worth less than the debt in their current state.

## **CONCLUSION**

This Court should either require the Trustee to Abandon these assets as burdensome and inconsequential.

Respectfully Submitted                              February 8, 2017

RICHARD C. SINCLAIR